**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

REGINALD HERBIN,

                          Plaintiff,                      **MEMORANDUM**
                                                                  **AND ORDER**

             - against -

                                                   11-CV-1554 (SLT) (JO)

CITY OF NEW YORK, et al.,

                         Defendants.
-----------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

        Plaintiff Reginald Herbin ("Herbin"), appearing *pro se*, filed this action on March 23,

2011, against the City of New York ("City") and two individual police officers, seeking relief for

alleged violations of his constitutional rights arising out of his arrest on April 3, 2008. Docket

Entry ("DE") 1 (Complaint). Herbin repeatedly failed to appear for conferences or respond to

court orders, despite repeated warnings that failure to act may result in a recommendation that

the case be dismissed for failure to prosecute. *See* DE 14; DE 17. On June 24, 2011, I issued a

Report and Recommendation ("R&R") respectfully recommending that the court *sua sponte*

dismiss the suit with prejudice for failure to prosecute pursuant to Federal Rule of Civil

Procedure 41(b). DE 18. The defendants' counsel sent a copy of the R&R to Herbin at each of his

last four known addresses. DE 19. Despite such service, Herbin failed to file any timely

objection to the R&R, the time for doing so having lapsed on July 13, 2011. *See* DE 18 at 4.

        On July 21, 2011, Herbin filed a letter providing a new address and seeking an "extension

of time" of 60 days, although he did not specify the particular deadline he wished to have

extended. DE 21. The defendants, reading the application of their *pro se* adversary liberally,

acknowledged that Herbin's letter could be interpreted either as a request for more time to

comply with my earlier orders or alternatively as an objection to the R&R; in either event, they

opposed any relief. DE 22.[1]

I ordered the parties to appear on August 8, 2011, at 10:30 a.m., for a status conference to

discuss Herbin's request, and warned that Herbin's failure to appear might result in the denial of

his application. Order dated July 28, 2011. The defendants' counsel served that order on Herbin

at the address he had provided in making the instant request. DE 23. My courtroom deputy also

called Herbin to remind him about the conference. Herbin again failed to appear and also did not

respond to the telephone message. DE 24. The defendants' counsel reported that a check of

available New York State databases showed no reason to believe that Herbin was then in

custody. *Id.* To date, Herbin has not contacted chambers or the *pro se* office in response to

efforts by my staff to contact him.

In light of these circumstances, I again conclude that plaintiff Reginald Herbin has failed

to take reasonable steps to vindicate his perceived rights. Accordingly, to the extent the plaintiff's

letter of July 21, 2011, is intended to request an additional 60 days to comply with earlier orders,

I deny the request. To the extent the letter can be read as an implicit request for 60 additional

days to object to the Report and Recommendation filed on June 24, 2011, I deny that request

without prejudice to the plaintiff's right to ask the assigned district judge to extend the deadline

---

[1] One of those earlier orders required Herbin, no later than May 12, 2011, to authorize the release
of information about the arrest and prosecution at issue in this case, pursuant to N.Y. Crim. Proc.
Law § 160.50 as well as the release of pertinent medical records. Order dated April 27, 2011. In
the instant request for an extension, Herbin asserts that he timely complied with that order and
can provide copies of the executed releases upon request. DE 21 at 2. The City denies that
assertion and maintains that Herbin has never provided the required releases. DE 22 at 1 n.2. A
resolution of that factual dispute would have no impact on my analysis in light of the many times
that Herbin has failed without good cause to appear as required in court.

for doing so on the basis of a showing that he failed to file a timely objection due to excusable

neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). To the extent the plaintiff's letter was interpreted to serve

as an objection to the pending Report and Recommendation, I lack the authority to act on the

request. On that matter, I therefore defer to the assigned district judge, who can determine

whether to allow the belated objection (and the defendants' procedural and substantive responses

to it) in reviewing the Report and Recommendation that remains pending. I direct the City's

counsel promptly to provide the plaintiff with a copy of this Memorandum and Order.

      **SO ORDERED.**

Dated: Brooklyn, New York
       August 9, 2011

                                       /s/ James Orenstein
                                       JAMES ORENSTEIN
                                       U.S. Magistrate Judge